IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Blanche Durand Grube, D.M.D, and Reverend Juan-Jose`: Brookins,

Plaintiffs,

-against-

Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs; Arion R. Claggett, Acting Commissioner; Al Schmidt, Acting Secretary of State; Ronald K. Rouse, D.M.D., J.D.; Jennifer Unis Sullivan, D.M.D., J.D.; Shawn Casey, D.M.D.; Christina Townley, State Board Administrator; Gregory S. Leiro, Esq.,

Defendants.

Civil Case No. 24-663 C

COMPLAINT FOR JUDICIAL REVIEW UNDER 5 U.S.C. §§ 702 & 704 FOR RELIEF PENDING REVIEW AND DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §§ 2201 & 2202 AND F.R.C.P. RULE 57

## PRELIMINARY STATEMENT

**COMES NOW** the Plaintiffs, Blanche Durand Grube, D.M.D. (hereinafter, "Dr. Grube"), and Reverend Juan-Jose`: Brookins (hereinafter, "Rev. Brookins"), who brings this action for Agency Review under 5 U.S.C. §§ 701-706 to verify the application of Agency Statutes, Codes, Rules and Regulations that are being disputably applied against the Plaintiff's contractual relationship in an Agency action instigated from the Defendant(s), and each of them, based upon an unsubstantiated presumption that those Agency's Statutes and Codes actually apply to the Plaintiffs in their private contractual relationship with an Ecclesiastic Indigenous Trust Consortium's intellectual property research program.

This is the basis of Plaintiff's assertion of a justiciable controversy that is being sought for judicial review under the Administrative Procedure Act (5 U.S.C. §§ 702 & 704,



Received – USCFC
APR 24 2024

respectively), where federal District Courts have subject matter jurisdiction to redress agency actions that are demonstrably *ultra vires* or unconstitutional, even where a statute requires some Agency decisions to be reviewed directly in the Court of Appeals. (See *Sackett*, 132 S. Ct. at 1372-74; Coca-Cola Co. v. FTC, 475 F.2d 299, 303 (5th Cir. 1973) ("The most widely recognized exception to the general rule against judicial consideration of interlocutory agency rulings is where an agency has exercised authority in excess of its jurisdiction…"); XYZ Law Firm v. FTC, 525 F. Supp. 1235, 1237 (N.D. Ga. 1981) (exhaustion not required "where an agency has clearly exceeded its authority" or the plaintiff asserts a "non-frivolous 30 FTC Br. at 24; TVA, 336 F.3d at 1248. Case 1:14-cv-00810-WSD Document 19 Filed 04/11/14 Page 26 of 54 17 constitutional right"), where, as here, an Agency has committed a "gross or egregious" jurisdictional error, the Court may grant interlocutory relief. (*Am. Gen. Ins. Co. v. FTC*, 496 F.2d 197, 200 (5th Cir. 1974).

It is the Plaintiff's verifiable contention that the way the Statutes and Codes that the Defendants have imposed on the Plaintiff's contractual relationship is *ultra vires* because they absolutely do not apply to Plaintiffs in their proper legal, lawful and political status as a privately contracted research practitioners and participants for the Ecclesiastic Indigenous Trust Consortium they are aligned with that is conducting unalienable spiritual intellectual property research methodologies which do not fall within the jurisdiction and purview of the State Agency's statutory authority and it is the Plaintiff's contention that the Agency action instigated against Plaintiff Dr. Grube violated her unalienable right to contract with said Trust Consortium without providing her and Rev. Brookins with fundamental and procedural due process protection.

Thus, the thrust of this Agency review in the Court of Federal Claims is seeking a declaratory judgment judicial determination of the rights of the parties for a justiciable controversy that now exists which entails a federal question of whether the Plaintiffs have the right to privately contract their specialized skills with an Ecclesiastic Indigenous Trust Consortium whose research methodologies are constitutionally protected as an intellectual property product, and whether the Defendants, and each of them, have the right to impose Agency codes without providing Plaintiffs with their right to fundamental and procedural due process of law in the instigation and imposition of those Agency's Statutes and Codes that are being implemented without first establishing jurisdiction over the Plaintiff's inalienable right to contract, and when Plaintiffs were not provided with any discovery materials to establish jurisdiction of said Agency's Statutes and Codes prior to the final judgment rendered by the State Board of Pennsylvania's Agents and Officials, they were then denied the right to fundamental and procedural due process.

And finally, Plaintiffs seek a declaratory judgment judicial determination of whether the Defendant(s), and each of them, had the authority to impose their assumptions of those statutory Agency statutes upon the inalienable right of a contractual relationship which has created a chilling effect on their ability to contract without a clear recourse.

## JURISDICTION, STANDING AND VENUE

1. Plaintiff respectfully invokes this Court's jurisdiction under the Administrative Procedures Act as codified under 5 U.S.C. §§ 702 & 704 which provides for a person who suffers a legal wrong because of an Agency action, or is adversely affected or aggrieved by an Agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a Court or Agency Tribunal seeking relief other than

(5 U.S.C. § 706(2)(D).

67. [A]cts of all Officers must be justified by some law, and in case an official violates the law to the injury of an individual the Courts generally have jurisdiction to grant relief.... Otherwise the individual is left to the absolutely uncontrolled and arbitrary action of a public and administrative officer, whose action is unauthorized by any law, and is in violation of the rights of the individual. (*Am. Sch. of Magnetic Healing v. McAnnulty*, 187 U.S. 94, 108, 110 (1902) (emphasis added). 5 U.S.C. § 702 waives sovereign immunity for any "Agency actions," even non-final actions, where a Declaratory Judgment or injunctive relief is requested. (See *Trudeau v. FTC*, 456 F.3d 178, 187 (D.C. Cir. 2006). This includes issuance of an FTC administrative complaint. Standard Oil Co., 449 U.S. at 238 n.7).

68. In *N.C. Bd. Dental Examiners v. FTC*, 768 F. Supp. 2d 818, 823 (E.D. N.C. 2011), [the ruling] recognized that a Court has jurisdiction over claims that an Agency exceeded its statutory authority and where the Plaintiff had no other meaningful opportunity for judicial review exists. The Court noted that judicial review is available when a Plaintiff presents a substantial showing that its constitutional rights are being violated.

69. 5 U.S.C. § 552(a)(1) also applies to substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the Agency.

70. A regulatory standard fails to give fair warning if it "'forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.'" (*Ga. Pac. Corp.*, 25 F.3d at 1005 (quoting *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926)).

constitutional rights. (See _Nat'l Parks Cons. Ass'n v. Norton_, 324 F.3d 1229, 1240-41 (11th Cir. 2003) ("final Agency action" requirement "inapplicable" to constitutional claims); _Chamber of Commerce of the United States v. Reich_, 74 F.3d 1322, 1327-1329 (D.C. Cir. 1996) (*ultra vires* claims).

PARTIES

8. Plaintiff, Blanche Durand Grube, D.M.D., hereinafter, "Dr. Grube," is a proper Party Plaintiff who lives at 810 Green Ridge Street in Scranton Pennsylvania near 18509, Non-Domestic, Without the United States.

9. Plaintiff, Reverend Juan-Jose`: Brookins, hereinafter, "Rev. Brookins," is a proper Party Plaintiff, Tribal Court Judge, Tribal Solicitor General and Commissioner of Tribal Comity Affairs for the Intertribal Ecclesiastic Trust Consortium engaged in a contract with Dr. Grube who lives at 253 Beechwood Avenue in Bridgeport Connecticut near 06604, Non-Domestic, Without the United States.

10. Defendant, Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs, hereinafter, the "State Bureau," is being sued as a proper Party Defendant in its juristic person capacity pursuant to _Monell v. Department of Social Services_, 436 U.S. 658 (1978) and its corporate offices is located at 2525 N. 7th Street, Harrisburg, PA 17110.

11. Defendant, Al Schmidt, Acting Secretary of State, hereinafter, "Schmidt," is a proper Party Defendant who is doing business at 302 North Office Building, 401 North Street, Harrisburg, PA 17120.

12. Defendant, Arion R. Claggett, Acting Commissioner, hereinafter, "Claggett," is a proper Party Defendant who is doing business at 102 Bamboo Way, Middletown, PA 17057.

13. Defendant, Ronald K. Rouse, D.M.D., J.D., hereinafter, "Rouse," is a proper Party Defendant who is doing business for the Pennsylvania Department of State at 948 East Ellet Street, Philadelphia, PA 19150.

14. Defendant, Jennifer Unis Sullivan, D.M.D., J.D, hereinafter, "Sullivan," is a proper Party Defendant who is doing business at 2072 Brodhead Road, Aliquippa, PA 15001.

15. Defendant, Shawn Casey, D.M.D, hereinafter, "Casey," is a proper Party Defendant who is doing business at 1073 Pittston, PA 18640.

16. Defendant, Christina Townley, State Board Administrator, hereinafter, "Townley," is a proper Party Defendant who is doing business at 2971 N. 7th Street, Harrisburg, PA 11710.

17. Defendant, Gregory S. Leiro, Esq, Trial Deputy Prosecutor, Pennsylvania Department of State, hereinafter, "Leiro," is a proper Party Defendant who is doing business at 2601 N. 3rd Street, Harrisburg, PA 17105.

## BACKGROUND FACTS

18. On or about December 6, 2022, Defendant Leiro filed an Administrative Agency Disciplinary Action against Dr. Grube, alleging that she engaged in Unprofessional Conduct on several counts. (See Exhibit "A," Defendant's Agency Disciplinary Action).

19. On or about January 30, 2023, Rev. Brookins, as the Trust Protector for the Ministerial Indigenous Nation Trust (M.I.N.T.), which is one of the Trusts ensconced within the Intertribal Ecclesiastic Indigenous Trust Consortium, that has an I.R.B. (Institutional Review Board) with federally registered authorization, duly sent the Defendants Leiro, Casey and Schmidt's respective offices a Private Administrative Trustee Presentment Affidavit of a Private Bill of Discovery giving the Defendants Notice that Plaintiffs were

engaged in a private contractual relationship that was constitutionally protected which gave the Defendants ten (10) day to respond and it went unanswered. (See Exhibit "B," the 1st Private Administrative Procedure Notary Presentment).

20. In that first actual and constructive Private Administrative Notice to the Defendants, and each of them, Rev. Brookins informed the Defendants, that the Ecclesiastic Indigenous Trust Consortium Board of Trustees is of the opinion and belief that the charges being alleged upon our beloved research Administrator, Dr. Grube, did not apply to the private intellectual property research contract she engaged in as part of our Ecclesiastic Indigenous Trust relationship and we requested discovery information from the Defendants to prove they had jurisdiction over the research of a private Indigenous Native American Tribe and Ecclesiastic Foreign Express Trust Consortium. To the best of our knowledge and research on the matter, there is no jurisdictional authority conferred upon the Defendant State Bureau or its Officials, Agents, subordinates, and employees as it relates to this subject matter.

21. On or about February 21, 2023, Defendant Leiro filed a Motion to Strike Rev. Brookins' Private Administrative Procedure Notary Presentment into the record of the Agency Disciplinary action against Dr. Grube wherein he expressly accused Rev. Brookins of practicing law without a license and that the unlicensed practice of law was a crime in Pennsylvania. (See Exhibit "C," Defendant Leiro's Motion to Strike).

22. In the Private Administrative Notary Presentment Affidavit Rev. Brookins sent to the Defendants he explicitly explained that he was addressing the Agency action as a Trustee for a private Ecclesiastic Indigenous Trust Consortium in accordance with FRCP Rule 17(E), which provides for a Trustee of an Express Trust to sue or be sued in his own

capacity and the accusation Defendant Leiro made of him perpetrating the crime of practicing law without a license on the Agency Tribunal's Record was not only false but defamatory against his good name and reputation. (See Exhibit "B," *inter alia*).

23. Rev. Brookins never asserted his Standing as an Attorney representing Dr. Grube to inquire what the nature and substance of the Agency's adverse action was, but only as a contracted Party-in-Interest to the outcome of the case where the contractual relationship between the interests of the Plaintiffs were involved.

24. On or about March 6, 2023, Rev. Brookins sent Defendants Leiro, Casey and Schmidt a 2nd Private Administrative Process Trustee Presentment request, for which under the Administrative Procedures Act the Plaintiff, as a Party-in-Interest with the capacity to sue pursuant to FRCP Rule 17(E) has an equitable right under contract with Dr. Grube to inquire about the particulars of the Bureau's adverse Agency action against her, but also in accordance with Public Interest laws to ensure that agencies keep the public informed of their organization, procedures and rules and to provide for public participation in the rulemaking process, and also to prescribe the uniform standards for the conduct of formal rulemaking and adjudicatory proceedings for which Defendant's did not timely respond. In those two (2) Private Administrative Trustee Presentments of a Bill of Discovery, Rev. Brookins notified the Defendants that their failure to respond would constitute as an admission by tacit acquiescence that they did not have jurisdiction and were precluded from asserting any adverse Agency action against Dr. Grube that would effectively disrupt her contractual relationship with Rev. Brookins and the Intertribal Ecclesiastic Trust Consortium. (*See* Exhibit "D," Rev. Brookins' 2nd Private Administrative Trustee Presentment).

25. On or about March 17, 2023, when Defendants did not respond to Rev. Brookins' 2nd lawful discovery request within the specified timeframe, Dr. Grube sent the Defendants, and each of them, a request for discovery in the form of a "PRE-TRIAL DISCOVERY AND INSPECTION PURSUANT TO 234 PA. CODE RULE 573(A)," which the Defendants did not answer either. (See Exhibit "E," Dr. Grube's Pre-Trial Discovery and Inspection Pursuant to 234 PA. Code Rule 573(A)).

26. On or about March 20, 2023, Rev. Brookins served the Defendants with a Private Administrative Default Judgment and Certificate of Claim for failing to respond to the two (2) prior Private Administrative Trustee Presentments request disclosure of discovery information concerning the substance and nature of the Agency's accusations that are part of an Ecclesiastic Indigenous Trust Consortium's intellectual property research. (See Exhibit "F," Private Administrative Default Judgment and Certificate of Service).

27. On or about April 17, 2023, Defendant Leiro pointed out in his Motion to Deem Facts Admitted and Enter Default against Dr. Grube that Dr. Grube had duly filed a "Pre-Trial Discovery and Inspection" request to obtain the jurisdictional authority that this Agency had over the private intellectual property research being conducted at the direction of a private Ecclesiastical Indigenous Trust Consortium that has a federally recognized IRB which neither Leiro nor any other Defendant provided such jurisdictional authority existed, so Dr. Grube, nor Rev. Brookins was ever provided the foundational proof they both lawfully requested that would give the Defendants the right to disrupt the contractual relationship the Plaintiffs enjoyed by discrediting and demoralizing the character and integrity both Plaintiffs held with high regard among their peers. (See Exhibit "G," Defendant Leiro's Motion to Deem Facts Admitted and Enter Default).

28. Surely this Court is aware that it is a matter of fundamental and procedural due process for jurisdiction to be established before any governmental Agency can act in its regulatory capacity to enforce statutes and codes.

29. Dr. Grube and Rev. Brookins made several lawful and official requests for discovery information and the jurisdictional authority of the Bureau of Professional and Occupational Affairs to prove that they have jurisdiction over the private contractual methodology of the intellectual property research that she was doing for the Ecclesiastic Indigenous Trust Consortium, and neither she nor Rev. Brookins have ever received any verifiable proof that such jurisdiction exists from any Defendant in this adverse Agency action and it is a matter of clearly established law that "Once challenged, jurisdiction cannot be assumed, it must be proven to exist." (*Basso v. Utah Power & Light Co*., 395 F. 2d 906, 910).

30. To the best of both Plaintiff's knowledge, the only purported proof that the Agency had to rely upon regarding their alleged charges against Dr. Grube was Defendant Leiro's testimony concerning their charges and Dr. Grube did not have an opportunity to confront any other purported witness to impeach their credibility before the Agency Tribunal ruled which is a blatant denial of due process, and it is a matter of clearly established law that an Attorney cannot be a witness, so Leiro's pleadings are insufficient and unacceptable. (*Trinsey v. Pagliaro*, D.C. Pa. 1964, 229 F. Supp. 647).

31. According to *Trinsey*, "Where there are no depositions, admissions, or affidavits the Court has no facts to rely on for a summary determination."

32. "The prosecutor is not a witness; and he should not be permitted to add to the record either by subtle or gross improprieties. Those who have experienced the full thrust of the

power of government when leveled against them know that the only protection the citizen has is in the requirement for a fair trial." (*Donnelly v. Dechristoforo*, 1974 S. Ct 41709 ¶ 56; 416 U.S. 637 (1974)).

33. On or about June 16, 2023, Phillip Holbrook and Ralph M. Zezza, two (2) Special Agents from the Bureau for Criminal Investigations of the Pennsylvania State Attorney General's Office came to Dr. Grube's Office to interrogate her about who Rev. Brookins was and was he acting as her Attorney. This attempt to interrogate Dr. Grube by intimidating her into spurring a criminal complaint against Rev. Brookins was and is very troubling and has imposed a chilling effect on the free exercise of a constitutionally protected right to the contractual relationship shared between the Plaintiffs. (See Exhibit "H," Two Business Cards from the Special Agents of the Pennsylvania State Attorney General's Office).

34. On or about June 21, 2023, Dr. Grube sent the State Bureau an answer to an Order to Show Cause that explicitly reserved all her constitutional rights without prejudice to any other inherent rights for which she is entitled to exercise and enjoy and informed the Defendants that as Public Officers and Servants they have taken a constitutional oath to uphold, protect and preserve those rights without exception. Dr. Grube also informed the Defendants that although she is a licensed practitioner of dentistry that does not preclude her from contracting with any private membership associations, ecclesiastical observant relations or Tribal affiliations to perform private intellectual property research using the clinical skills that she has learned from any formal doctrinal curriculum in pursuit of that private research and that answer to the Order to Show Cause from Defendant Rouse was not rebutted, disputed or discredited by him with any foundational statutory

countermanding authority to dispel the validity of Dr. Grube's professional private position. (See Exhibit "I," Dr. Grube's Answer to State Board's Order to Show Cause).

35. On July 18, 2023, Defendant Rouse granted Defendant Leiro's 2nd Motion to Deem Facts Admitted and Enter Default that Defendant Rouse signed on behalf of Defendant Sullivan. (See Exhibit "J," Order Signed by Defendant Rouse).

36. On or about August 4, 2023, Dr. Grube sent the Defendants, and each of them, an Objection to the Board's Order granting Leiro's Motion to Deem Facts Admitted and Enter Default on the grounds that no discovery was ever provided for her to establish a defense or for the Defendants to establish their jurisdictional authority over a private contractual relationship to perform intellectual property research with an Ecclesiastic Indigenous Trust Consortium. (See Exhibit "K," Dr. Grube's Objection to Board's Order Granting Motion to Deem Facts Admitted and Enter Judgment).

37. On October 19, 2023, Defendant Rouse issued an Order denying Dr. Grube's Motion to Vacate the Order Granting Leiro's Second Motion to Deem Facts Admitted and Enter Judgment despite not providing the Plaintiff's with the discovery requests they lawfully made on the record. (See Exhibit "L," Defendant Rouse's Order cc'd to Defendant Christina Townley and Gregory Leiro).

38. On January 16, 2024, Dr. Grube received a final judgment from the Bureau signed by Defendant Claggett with fines in the amount of $10,500.00 and costs of the alleged investigation in the amount of $45,727.60. (See Exhibit "M," The State Bureau of Dentistry's Final Order).

39. Then on February 16, 2024, Dr. Grube received another letter from Defendant Rouse purportedly regarding the civil penalties and costs of the investigation in the amount of $56,227.60. (See Exhibit "N," Dr. Grube's Civil Penalty Letter).

ARGUMENT

40. Plaintiffs respectfully petition this Court to resolve a justiciable controversy between the named parties herein and issue a declaratory judgment concerning the rights of those parties in an adverse Agency action they believe was errantly instigated by the above-named Defendant(s), and unknown others that is deliberately intended to disrupt and malign the Plaintiff's constitutionally protected inalienable contractual relationship they have with the Intertribal Ecclesiastic Indigenous Trust Consortium. This is the crux of the federal question that Plaintiffs want this Court to provide a judicial determination of whether the Defendants, and each of them, had the right to impose State legislated statutory regulations over a private contractual relationship that entailed intellectual property research being implemented by an Ecclesiastic Indigenous Trust Consortium that has a federally recognized I.R.B. overlooking it.

41. It is both Plaintiffs contention that the Defendants have commingled private right jurisprudences with a public forum Agency action that is not founded by any jurisdictional authority and is therefore *ultra vires*, Plaintiffs have plainly and unequivocally made requests for discovery with an explicit reservation of all their unalienable rights under the Constitution, natural law and both Common Law and Equity jurisprudences and the Defendants, and each of them, ignored Plaintiff's lawful requests and therefore violated Plaintiff's rights and their constitutional oath as Public Officers.

42. Plaintiffs therefore respectfully expect this Court to recognize and declare that they have not been accorded fundamental and procedural due process from the Defendants in the adverse Agency action that should have ensured Plaintiffs with due process of the equal protection of the law, an equal opportunity to be heard and an opportunity to confront their accusers in accordance with the unalienable right to contract without restriction or *ultra vires* impositions.

43. It is the Plaintiffs belief that the Defendant(s), and each of them, have intentionally colluded or conspired between themselves to prosecute a Agency action alleging violations of statutory Administrative Law, which as non-positive law only applies to those statutory entities who fall within that Agency's public forum purview and where the commingling of a private right to contract cannot be cognizably intertwined.

44. The Plaintiffs have reason to believe that the Defendant(s), and each of them, are imposing upon Dr. Grube and her private contractual relationship with Rev. Brookins and the Intertribal Ecclesiastic Trust Consortium an adverse Agency Administrative action with statutes that is vague, indefinite, or non-existent as to what and how a private contractual relationship's conduct falls within its jurisdictional scope and authority without an expressed attendant explanation of the punishment such a contractual relationship incurs within those statutes. That is why Both Plaintiffs have plainly and unequivocally made requests for discovery with an explicit reservation of all their inalienable rights under the Constitution, natural law and both Common Law and Equity jurisprudences.

45. Plaintiffs therefore respectfully expect to be accorded fundamental and procedural due process in this Court that ensures equal protection of the law, equal access to the Court,

an equal opportunity to be heard, and an opportunity to confront their accusers here in this Court as an unincorporated natural woman and unincorporated natural man who have the unalienable right to contract without restriction or *ultra vires* impositions based on the Constitution for these United States of America and its Treaties with sovereign indigenous nations.

46. It is without doubt or contradiction that both Plaintiffs have made insistent requests for discovery that have not been answered by the Defendants in violation of constitutional rights to fundamental and procedural due process.

47. Dr. Grube contends she is not subject to such statutory dictates as described in the Defendant's statutory charges solely by the presumptions of the proponents of those charges who are entrusted with the implementation of the Agency's dictates without proof of jurisdiction on the Agency Forum's record, or with an evidentiary hearing where Plaintiffs can cross-examine the accusers, or to be provided discovery, or depositions under penalty of perjury to qualify the jurisdictional applicability of those Administrative Agency statutes upon her and impeach the credibility of the Agency's claims.

48. It is Dr Grube's contention that the Defendant(s), and each of them, have denied her of fundamental and procedural provisions of due process by denying her discovery and therefore she and Rev. Brookins respectfully petition this Court for a judicial determination of that denial of rights through the Agency's implementation of their adverse action against her.

49. Dr. Grube respectfully reiterates that the research she is contracted to do is private intellectual property that is owned by an Intertribal Ecclesiastic Indigenous Trust Consortium and that research property does not fall under the jurisdiction and purview of

the Bureau or its Officers, Agents, subordinates, and employees and falls within the purview of the Indian Tucker Act.

50. Dr. Grube affirmatively avers that any such presumed involvement or participation with an Agency of the State of Pennsylvania or the United States to perform private intellectual property research under contract with an Intertribal Ecclesiastic Indigenous Nation's Trust Consortium without full disclosure cannot constitute an acceptance of her license binding her to any Agency's legislative statute where the absence of full disclosure will not effectively formulate elements of informed voluntary consent, so she does not agree that she is responsible for any presumed Agency administrative code violation requiring her to suffer the consequences thereof.

51. Dr. Grube respectfully surmises that without the cooperation of a full disclosure requirement by the Defendants, and each of them who represents the Agency, is an unconscionable deprivation of her right to contract and due process pursuant to *Connally v. General Construction Co*, 269 U.S. 385 (1926).

52. The presiding Administrative Law Judge and the other Defendants in the case being reviewed herein did not hold or participate in any evidentiary hearing to examine the facts and law confirmatively disproving or overruling any of Leiro's statements that motioned the for the Agency Administrative Tribunal to admit as facts and enter a judgment against Dr. Grube for which he alone attested to as being verifiable accusatory allegations and that is in violation of *Trinsey v. Pagliaro*, *supra*, which held that "Statements of Counsel in brief or oral argument is insufficient for dismissal or summary judgment."

53. It is a matter of Agency record that the statements Leiro wanted the Agency Tribunal to deem admitted were statements that he himself submitted to the case, despite the fact that the lawful requests for discovery which Dr. Grube and Rev. Brookins submitted to him were never answered, so the Plaintiffs did not have the requisite discovery materials for which to provide a defense, and Dr. Grube's objections to such unfair disadvantages went un-availed, and the Administrative Law Judge, Defendant Rouse, allowed the purported "facts" to be admitted by granting Leiro's Motion.

54. Dr. Grube submitted to the Administrative Law Judge the same requests for discovery that all the Defendants ignored and failed to respond to, so there now exists a justiciable controversy between what the Defendant(s), and each of them, as well as what the Agency Tribunal has done by not allowing the Plaintiffs, and each of them, any discovery or an evidentiary hearing to determine the jurisdictional authority the Defendant's have to intrude into a private contract of an Ecclesiastic Indigenous Trust Consortium's intellectual property research using statutory Agency codes, rules and regulations that do not apply to the Plaintiffs and this is now a federal question of a justiciable controversy that gives Plaintiffs the reason and the right to petition this Court for a judicial determination of the Agency actions against Dr. Grube and Rev. Brookins as an enrolled member of a First Nation Tribe who is a proper Party to this judicial review because he and the Intertribal Ecclesiastic Trust Consortium has an equitable interest in this case regarding the contractual relationship between them which entails their inalienable Rights regarding the same violations contract relations and due process which Plaintiffs believe can be resolved through a declaratory judgment of an Agency Review of this case in this Court.

55. It is both Plaintiffs desire that this Court should acutely address the issues concerning the question of jurisdiction and the rights of the parties that would unequivocally qualify as a full and fair plenary adjudication of the subject matter of this case as it relates to the contractual rights of Plaintiffs and the legislated statutes and Codes of an Agency action.
56. It is the Plaintiff's contention that the State Agency legislated statutes are being misapplied to Dr. Grube's contractual relationship with the Intertribal Trust is one of Common Law that does not deal with commerce under statutory jurisprudence.
57. It is Plaintiff's contention that Dr. Grube is not definitively subject to statutory jurisdiction under the rule of commerce when she is engaged in a private contractual relationship with native Indigenous Tribes doing spiritual research.
58. It is Plaintiff's contention Dr. Grube is only definitively subject to constitutional contract law and natural law by virtue of performing the methodologies of private intellectual property research with the Intertribal Ecclesiastic Indigenous Trust Consortium.
59. It is a matter of clearly established law that government's legislated non-positive law is indisputably distinguishable from natural law and spiritual because it applies to a specified class and is created by man. The term "natural law," especially as used generally in legal philosophy, refers to a set of universal principles and rules that properly govern moral human conduct, unlike a statute, natural law and spiritual law is not created by human beings. Rather, natural law and spiritual law is thought to be the preexisting law of nature and God, which human beings can discover and exercise as a God given right through their capacity for rational analysis.
60. Under the Administrative Procedure Act (5 U.S.C. §§ 701-706) Plaintiffs have the right to seek an Agency Review of an adverse Agency action and this Court is mandated to

hear cases where an Agency action is disputed or questionable by a Party petitioning for such review and this Court must render a judicial determination of such justiciable controversy in the form of a declaratory judgment.

61. Plaintiffs have a justifiable reason to believe that the Defendant(s), and each of them, have inappropriately applied Agency Statutes, Codes, Rules, and Regulations against them, which are all non-positive law, and as such, only applies to specific persons that properly fall within the Agency's purview and jurisdiction.

62. It is totally within Plaintiff's right to challenge the presumption of an Agency's implementation of their jurisdictional authority when there is a reasonable question of their failure to comply with the statutory legal requirements of that authority, or to act from an arbitrary and capricious abuse of process and discretion under *ultra vires* color of law predilections without respect or deference to observe the proper procedures required by law as it relates to their constitutional oath.

STANDARD OF REVIEW

63. The Administrative Procedure Act (APA) provides for judicial review of a final Agency action by persons "aggrieved" by such action. (5 U.S.C. § 702).

64. The actions reviewable under the APA include "preliminary, procedural or an **intermediate** Agency action or ruling…." (*Id.* § 704).

65. Under the APA, a reviewing Court shall "hold unlawful and set aside Agency action, findings and conclusions found to be…arbitrary, capricious, an abuse of discretion **or otherwise not in accordance with law**." (5 U.S.C. § 706(2)(A).

66. A reviewing Court shall also "hold unlawful and set aside Agency action, findings and conclusions found to be…**without observance of procedure required by law**."

67. Under the APA, a reviewing Court shall "hold unlawful and set aside Agency action, findings and conclusions found to be…arbitrary, capricious, an abuse of discretion **or otherwise not in accordance with law**." (5 U.S.C. § 706(2)(A).

68. A reviewing Court shall also "hold unlawful and set aside Agency action, findings and conclusions found to be…**without observance of procedure required by law**." (5 U.S.C. § 706(2)(D).

69. [A]cts of all Officers must be justified by some law, and in case an official violates the law to the injury of an individual the Courts generally have jurisdiction to grant relief…. Otherwise the individual is left to the absolutely uncontrolled and arbitrary action of a public and administrative officer, whose action is unauthorized by any law, and is in violation of the rights of the individual. (*Am. Sch. of Magnetic Healing v. McAnnulty*, 187 U.S. 94, 108, 110 (1902) (emphasis added). 5 U.S.C. § 702 waives sovereign immunity for any "Agency actions," even non-final actions, where a Declaratory Judgment or injunctive relief is requested. (See *Trudeau v. FTC*, 456 F.3d 178, 187 (D.C. Cir. 2006). This includes issuance of an FTC administrative complaint. Standard Oil Co., 449 U.S. at 238 n.7).

70. In *N.C. Bd. Dental Examiners v. FTC*, 768 F. Supp. 2d 818, 823 (E.D. N.C. 2011), [the ruling] recognized that a Court has jurisdiction over claims that an Agency exceeded its statutory authority and where the Plaintiff had no other meaningful opportunity for judicial review exists. The Court noted that judicial review is available when a Plaintiff presents a substantial showing that its constitutional rights are being violated.

FIRST CLAIM FOR JUDICIAL REVIEW AND DECLARATORY RELIEF

DENIAL OF FUNDAMENTAL AND PROCEDURAL DUE PROCESS

71. Plaintiffs incorporate by reference each of the factual statements, allegations and appropriate controlling laws asserted by Plaintiffs herein pertaining to their proper legal and political status in paragraphs 1 through 70 as though fully stated here to unequivocally allege that they were both denied fundamental and procedural due process by the Defendants, and each of them, failing to provide necessary disclosures and discovery material to confirm their presumed jurisdictional authority prior to rendering a ruling in an alleged adverse Agency action which is in the Public Interest.

72. Plaintiffs have insistently and consistently given notice to the Defendant(s), and each of them, as well as the Presiding Administrative Law Judge in the case against Dr. Grube, that she is not the proper Party whom they have instigated their charges against because she is engaged in a private intellectual property contract relationship doing research for an Ecclesiastic Indigenous Trust Consortium which they ignored.

73. Plaintiffs made clear in the pleadings to the Administrative Tribunal and to the Agents, subordinates and employees through Actual and Constructive Notice Notary Presentments of a Common Law Non-Statutory contractual relationship, which manifestly made the Administrative Tribunal and the Defendant(s) aware that they have absolutely no jurisdiction over such relationship to proceed with their adverse Agency action against Dr. Grube under statutory Administrative Codes and Regulations that she knowingly consented to comply with after being provided full disclosure thereof. (*See* *Connally v. General Construction Co.*, line-item No. 39, *supra*).

74. Plaintiffs gave Defendant(s) and the Administrative Tribunal incontrovertible proof that she is engaged in a private Ecclesiastic Indigenous Trust contractual relationship that their statutes and codes could impose no jurisdictional authority over in any capacity without her informed consent.

75. It is a fact of law that the person asserting jurisdiction must, when challenged, prove that jurisdiction exists; mere good faith presumptions of power and authority for jurisdiction is not lawfully sufficient. "The law provides that once State and federal jurisdiction has been challenged, it must be proven." (*Maine v. Thiboudot*, 100 S. Ct. 2502 [1980]).

76. Plaintiffs have respectfully challenged the Defendant(s), as well as the Administrative Agency's jurisdiction, and are being deprived of their Right to be afforded the discovery they lawfully requested and are entitled to have as a matter of law.

77. And Plaintiffs have reason to believe that the Defendants, and each of them, intentionally misapplied their Administrative Agency Statutes and Code against Dr. Grube when they failed to provide discovery material and Defendant(s) cannot say that it was not a deliberate or a mistake to ignore, neglect or refuse to do so because "The law requires proof of jurisdiction to appear on the record of the Administrative Agency and all administrative proceedings." (*Hagans v. Levine*, 415 U.S. 533).

78. "There is no discretion to ignore lack of jurisdiction." (*Joyce v. U.S.*, 474 F. 2d 215 [3rd Cir., 1973]).

79. It is therefore the Plaintiff's contention that because they were not provided with discovery materials, they were denied fundamental and procedural due process.

**WHEREFORE**, by virtue of the facts and law so stated in the first claim for judicial review and declaratory relief, Plaintiff respectfully requests that this Court make a judicial

determination of the Agency's actions implemented against them as it correctly relates to providing discovery material establishing jurisdiction over a private Ecclesiastic Indigenous contract relationship status and the due process under the law requirement for this first claim to this Declaratory Judgment Complaint.

SECOND CLAIM FOR JUDICIAL REVIEW AND DECLARATORY RELIEF

ABUSE OF PROCESS

80. Plaintiff incorporates by reference each of the factual statements, allegations and appropriate controlling law asserted by Plaintiff herein pertaining to their proper legal and political status in paragraphs 1 through 79 as though stated here to unequivocally allege that the Defendants, and each of them failed to perform their duties in accordance with the rule of law and Agency and thereby abused the process created by the legislature to be in compliance with the constitutional rights of the Plaintiffs.

81. Plaintiffs affirmatively allege that as a result of the failure or denial of fundamental and procedural due process through the instigation of an adverse Agency action the Defendants, and each of them, acted *ultra vires* in their pursuit of untoward allegations that were not fully and fairly adjudicated in a forum that can only be characterized as a kangaroo Court because Plaintiffs were not accorded fundamental and substantial due process where any chance to prepare a defense is severely limited when their right to be accorded discovery presents a failure to being provided an equal opportunity to be heard in the Administrative Tribunal's forum.

82. As a result of the all the Defendant's complicit ignoring of Plaintiff's lawful requests for discovery, Plaintiffs have reason to believe and hereby alleges that the Defendant(s) instigated their adverse Agency Complaint against Dr. Grube to discredit and destroy her

reputation and proscribe the private intellectual property research she does for the Ecclesiastic Tribal Trust Consortium by making an example of her as a maleficent practitioner of her skills in the eyes of public, her family, friends and peers for some presumed statutory indiscretion which does not fall under the purview of State or the private affairs of the Ecclesiastic Tribal Trust Consortium.

83. Plaintiff's both respectfully and verifiably allege that the instigation of the Agency's adverse action is beyond the scope of its presumed authority and is therefore *ultra vires* and making said action an abuse of process because Dr. Grube's research is not subject to the Administrative Codes and Regulations being implemented for prosecution and a ruling in the Agency's case against her.

84. Plaintiffs have reason to believe that the Defendant(s) are misusing the Administrative Code and Regulations as a tool for ulterior purposes going to taking money and reputational status from Plaintiff for the benefit of the State's debt and corruption for which Dr. Grube is not responsible.

**WHEREFORE**, by virtue of the facts and law so stated in the fourth claim for judicial review declaratory relief, Plaintiffs respectfully request that this Court make a judicial determination of the actions instigated against Dr. Grube as an Administrative Agency's legal process that has been misused for the ulterior purpose to hold Plaintiffs accountable for the States' Public Debt with statutory charges that is not attributable to the Plaintiffs who share a mutual financial relationship through their contractual performance and obligations.

## THIRD CLAIM FOR JUDICIAL REVIEW AND DECLARATORY RELIEF

## VIOLATION OF THE OATH OF OFFICE TO THE UNITED STATES CONSTITUTION

85. Plaintiff incorporates by reference each of the factual statements, allegations and appropriate controlling laws asserted by Plaintiffs herein pertaining to paragraphs 1 through 84 as though fully stated here to unequivocally allege that the Defendants, and each of them, by failing to provide Plaintiffs with discovery materials when lawfully and timely requested is a blatant violation of their oath of office to uphold the organic laws of the land.

86. The reason why Plaintiffs believe that the Defendant(s), and each of them, violated their oath is because the rights protected under the Constitution are inviolable when lawfully applied and exercised and the Defendants know, or should reasonably know, that failing to respect the rights of the Plaintiffs to be accorded discovery is a violation of the rights of all the people they serve as Public Officials and such violation is repugnant to the Constitution.

87. Despite the assertion of that fact stated in the paragraph above, because the Defendant(s), and each of them, have persisted in their *ultra vires* pursuit of the prosecution of the Administrative Code without establishing their jurisdiction to impose their actions against Dr. Grube they are therefore warring against the Constitution and is stripped of their official representative character and is subjected, in their personal capacity to the consequences of their individual conduct. Because when a State Officer acts under the color of State Law in a manner violative of the federal Constitution, he or she comes into conflict with the Superior Authority of that Constitution they swore an oath to uphold. "The State has no power to impart to him immunity from responsibility to the Supreme Authority of the United States." (*Scheur v. Rhodes*, 416 U.S. 232; 94 S. Ct. 1683, 1687 [1974]).

88. "It is the duty of all officials, whether legislative, judicial, executive, administrative or ministerial to perform every official act as not to violate constitutional provisions. (*Williamson, v. U.S. Department of Agriculture*, 815 F. 2d 369; *ACLU v. Barr*, 952 F. 2d 457).

89. Thus, the prosecution of the Defendant's actions without verifying Plaintiff's proper legal, lawful and political status identity is a violation of their oath to recognize, respect and uphold Plaintiff's Rights to be secure in their person (natural), house, papers and effects, against unreasonable searches and seizures, and to be accorded due process of law all of which are protected by the Fourth and Fifth Amendments to the United States Constitution.

**WHEREFORE**, by virtue of the facts and law so stated in the second claim for judicial review and declaratory relief, Plaintiffs respectfully requests that this Court make a judicial determination of the Agency's actions implemented against them as it correctly relates to violating their oath of office to provide and protect the facilitation of their rights when being asserted and exercised.

## FOURTH CLAIM FOR JUDICIAL REVIEW AND DECLARATORY RELIEF

## DEFAMATION OF CHARACTER

90. Plaintiff again incorporates by reference each of the factual statements, allegations and appropriate controlling law asserted by Plaintiff herein pertaining to their proper legal and political status in paragraphs 1 through 89 as though fully stated here to unequivocally allege that the Defendants, and each of them, through this egregious unfitting adverse Agency action have put Plaintiffs in a very bad light within the public's purview to their reputational, ministerial, and financial detriment because the contractual

relationship both Plaintiffs share is humanitarian and has an equitable pecuniary support interest for the practitioners and participants of the private intellectual property research the Intertribal Ecclesiastic Indigenous Trust Consortium does to maintain its research capability.

91. Given the fact that the charges being instigated against Dr. Grube are *ultra vires*, and the fact that Rev. Brookins was accused of perpetrating the crime of practicing law without a license, which for all intents and purposes is false and does not lawfully apply to him, the statements and actions of the Defendant(s) being made against Plaintiffs in the record of the adverse Agency action being brought to this Court for review are defamatory and not only have those statements been done by way of slander in the Agency Forum but libel as well.

92. Defendant Leiro has particularly disparaged and maligned Rev. Brookins' character by making false allegations that he is practicing law without a license which not only is defamatory but also carries a criminal penalty that threatens to severely impact Rev. Brookins with a serious criminal action that can affect to his freedom, and this fact is not speculative because the Pennsylvania State Attorney sent two (2) Agents to investigate him at Dr. Grube's Office.

93. Plaintiffs therefore reasonably believe that the Defendant(s), and each of them, is responsible for defaming their good names by making false accusatory statements on the record of the Agency Tribunal forum where these statements are a matter of public record that has not only caused both Plaintiffs reputable damage but an impending financial hardship which has incurred emotional distress and mental anguish on both Plaintiffs.

**WHEREFORE**, by virtue of the facts and law so stated in the fourth claim for judicial review and declaratory relief, Plaintiffs respectfully request that this Court make a judicial determination of the actions instigated against them that defamed their good names and reputation and mutual financial support from an errant *ultra vires* Administrative Agency's legal process.

PRAYER FOR RELIEF

**WHEREFORE**, under the APA, this Court has authority to "hold unlawful and set aside an Agency action's findings and conclusions that the Administrative Law Judge is found to be arbitrary, capricious, or allows an abuse of process and discretion or otherwise not in accordance with the law (5 U.S.C. § 706(2)(A)), and to set aside an Agency decision without observance of procedure required by law." (5 U.S.C. § 706(2)(A)).

This Court also has the authority to compel an Officer acting under the laws of the United States to perform his duty in accordance with the law pursuant to 28 U.S.C. § 1361.

For the good and sufficient reasons set forth in this petition, Plaintiffs respectfully request that this Court enter a judgment providing the following relief pursuant to 28 U.S.C. §§ 2201 & 2202:

A. Declare that the Defendant(s), and each of them, violated Plaintiff's Rights to fundamental and procedural due process under color of law;

B. Declare that the Defendant(s), and each of them, violated Rights guaranteed and protected for Plaintiff under the Constitution;

C. Declare that the Defendant(s), and each of them, violated their oath of office;

D. Declare that the Defendant(s), and each of them, abused the process through *ultra vires* means for their implementation of Administrative Codes and Regulations without first establishing jurisdiction against Dr. Grube;

E. Declare that the Defendant(s), and each of them, defamed Plaintiffs by bringing false charges against them on the public record to defame and diminish their reputation in the face of their peers and community; and

F. Issue a Temporary Restraining Order against Defendant(s), and each of them, granting Plaintiffs injunctive relief from an errant abusive Administrative Agency action pursuant to FRCP Rule 65(b)(1)(A) for which the justifiable reasons to provide such relief are elaborated upon within the content and context of this Declaratory Judgment Complaint for Agency Review and corresponding Affidavits in support of this petition.

**G.** Also, Plaintiff respectfully requests that this Court grant such other and further relief as to this Court seems just and proper.

Date: April 10, 2024.
Pennsylvania State, Lackawanna County.

Respectfully,

Blanche Durand Grube, D.M.D
810 Green Ridge Street
Scranton, Pennsylvania near [18509]
Non-Domestic/Without the U.S.

Reverend Juan-Jose`: Brookins
253 Beechwood Avenue
Bridgeport, Connecticut near [06604]
Non-Domestic/Without the U.S.