# In the United States Court of Federal Claims

No. 24-663

(Filed: August 28, 2024)

(NOT TO BE PUBLISHED)

|  |  |
|---|---|
| **BLANCHE DURAND GRUBE, D.M.D., REVEREND JUAN-JOSE: BROOKINS,** | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| **UNITED STATES**, | ) ) ) |
| Defendant. | ) ) |

Blanche Durand Grube, D.M.D., *pro se*, Scranton, PA, and Reverend Juan-Jose: Brookins, *pro se*, Bridgeport, CT.

Galina I. Fomenkova, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, as well as Patricia M. McCarthy, Director, and Elizabeth M. Hosford, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**ORDER FOR DISMISSAL**

LETTOW, Senior Judge

Pending before the court is the government's motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction. Def.'s Mot. to Dismiss for Lack of Jurisdiction ("Def.'s Mot."), ECF No. 5. Plaintiffs, Dr. Blanche Durand Grube and Reverend Juan-Jose: Brookins, filed their complaint and a corresponding exhibit on April 24, 2024. Compl., ECF No. 1; Compl. Ex. 1, ECF No. 1-1. Plaintiffs bring this action against various individuals and entities, following a disciplinary proceeding before the Pennsylvania State Board of Dentistry, alleging a violation of the right to contract and of the right to due process, abuse of process, violation of the oath of office, and defamation of character. *See generally* Compl. ¶¶ 45, 51, 71-93.

The government filed its motion to dismiss for lack of subject matter jurisdiction on June 24, 2024, asserting that "both the identity of the defendants and the nature of the claims each independently precludes review in this [c]ourt." Def.'s Mot. at 1. Plaintiffs have not responded

to the government's motion, and the deadline for responding has passed.  *See* Rule 6(d) of the Rules of the United States Court of Federal Claims ("RCFC"); RCFC 7.2(b)(1).

## STANDARDS FOR DECISION

This court's jurisdiction is established pursuant to the Tucker Act, which confers jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  It is the plaintiff's burden to establish, by a preponderance of the evidence, that this court possesses subject matter jurisdiction over their claim.  *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).  To establish subject matter jurisdiction in this court, a plaintiff is required "to identify a substantive right for money damages against the United States separate from the Tucker Act itself."  *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004).  This court must dismiss a case over which it lacks subject matter jurisdiction.  *See* RCFC 12(b)(1); 12(h)(3).

The Tucker Act further provides that this court's jurisdiction is limited to claims against the United States.  28 U.S.C. § 1491(a).  As such, cases filed in this court must be directed against "the United States, not its officers, nor any other individual."  *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003).  Similarly, this court "lacks jurisdiction over claims against states, localities, and state and local government entities."  *Harvey v. United States*, 845 F. App'x 923, 926 (Fed. Cir. 2021) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)).

"Like the Tucker Act, the Indian Tucker Act," codified at 28 U.S.C. § 1505, "creates a limited waiver of sovereign immunity."  *Navajo Nation v. United States*, 171 Fed. Cl. 246, 256 (2024).  In enacting this provision, "Congress plainly intended to give tribal claimants the same access to the Court of Claims provided to individuals by the Tucker Act."  *United States v. Mitchell*, 445 U.S. 535, 539 (1980) (referencing a related provision).  As such, tribal claimants asserting claims pursuant to 28 U.S.C. § 1505 "have the same access to" this court as claimants asserting claims pursuant to 28 U.S.C. § 1491.  *Id.* at 540.

In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court is obligated to "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."  *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)).  Additionally, the court construes the filings of *pro se* litigants "liberally," and such filings are "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  This leniency in construing the filings of *pro se* plaintiffs, however, "does not relieve them of jurisdictional requirements."  *Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

## ANALYSIS[1]

This court lacks subject matter jurisdiction over claims directed against individuals and entities other than the United States.  28 U.S.C. § 1491(a); *see also Stephenson*, 58 Fed. Cl. at 190 ("[T]he *only* proper defendant for any matter before this court is the United States.").  Plaintiffs' complaint is directed against individuals and entities other than the United States, namely the Commonwealth of Pennsylvania's Bureau of Professional and Occupational Affairs, the Acting Commissioner of the Bureau, the Secretary of the Commonwealth of Pennsylvania, and others, apparently in their individual capacity.  Compl. ¶¶ 10-17.  Accordingly, plaintiffs' complaint falls outside this court's subject matter jurisdiction on this basis alone.

Even if plaintiffs' complaint was directed against the United States, this court still lacks jurisdiction due to the apparent nature of plaintiffs' claims.  Specifically, plaintiffs' complaint alleges violations relating to the Administrative Procedure Act ("APA"), the "denial of fundamental and procedural due process," "abuse of process," interference with the "inalienable right to contract," "violation of the oath of office to the United States Constitution," and "defamation of character," and seeks judicial review and declaratory relief for these alleged violations.  Compl. at 1-3, 28-29; *see also* Compl. ¶¶ 1, 42-51, 67-70, 71-79, 80-84, 85-89, 90-93.  The court lacks subject matter jurisdiction over these claims.

First, this court "lacks APA jurisdiction."  *Martinez v. United States*, 333 F.3d 1295, 1313 (Fed. Cir. 2003) (citing *Murphy v. United States*, 993 F.2d 871, 874 (Fed. Cir. 1993)).  Additionally, to the extent that plaintiffs' claims allege violations of the Due Process Clauses of the Fifth and Fourteenth Amendments, they fall outside of the court's jurisdiction because neither provision is money-mandating.  *Spain v. United States*, 277 F. App'x 988, 989 (Fed. Cir. 2008) (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)).

This court also lacks jurisdiction over tort claims, including abuse of process, *Lowe v. United States*, 76 Fed. Cl. 262, 265 (2007) (citing *Vincin v. United States*, 468 F.2d 930, 932 (Ct. Cl. 1972)), tortious interference with contract, *see Lea v. United States*, 592 F. App'x 930, 933 (Fed. Cir. 2014), and defamation, *McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006) (citing 28 U.S.C. § 1491(a)(1)).

---

[1] At least one plaintiff, Dr. Grube, alleges that her claims fall "within the purview of the Indian Tucker Act."  Compl. ¶ 49.  The Indian Tucker Act confers jurisdiction over a claim where plaintiffs: "(1) identify a substantive source of law creating fiduciary duties for the government, and allege the government breached those duties; and (2) demonstrate the statute 'can fairly be interpreted as mandating compensation for damages sustained as a result of a breach of the duties the governing law imposes.'"  *Confederated Tribes & Bands of Yakama Nation v. United States*, 171 Fed. Cl. 692, 703-704 (2024) (citing *Inter-Tribal Council of Ariz. v. United States*, 956 F.3d 1328, 1338 (Fed. Cir. 2020)) (quoting *United States v. Navajo Nation*, 556 U.S. 287, 291 (2009)).  Plaintiffs do not contend that the government has breached a fiduciary duty, nor do they direct their contentions at the federal government, nor do they identify a money-mandating source of law.  The Indian Tucker Act is insufficient on its own to establish this court's jurisdiction.  *Mitchell*, 445 U.S. at 540.  As such, plaintiffs' complaint does not establish jurisdiction under the Indian Tucker Act.

Moreover, this court has previously found allegations that individuals "have breached their oaths of office and violated their duties under the United States Constitution" are beyond this court's jurisdiction because they "sound[] in tort." *Nalette v. United States*, 72 Fed. Cl. 198, 202 (2006) (assessing alleged violations of federal officials). As such, the court lacks jurisdiction over these claims. And to the extent plaintiffs' claims could be construed as alleging a violation of 42 U.S.C. § 1983, they would fall outside this court's jurisdiction because this court does not possess subject matter jurisdiction over § 1983 claims. *Blassingame v. United States*, 33 Fed. Cl. 504, 505, *aff'd,* 73 F.3d 379 (Fed. Cir. 1995).

Finally, "[t]he Tucker Act does not provide independent jurisdiction over . . . claims for equitable relief," such as declaratory or injunctive relief. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). Further, to the extent plaintiffs rely on 28 U.S.C. §§ 2201-2202 in seeking declaratory relief, "long-standing precedent establishes this court lacks jurisdiction to act under" these provisions. *Ghaffari v. United States*, 125 Fed. Cl. 665, 667 (2016). As such, the court also lacks subject matter jurisdiction over plaintiffs' claims to the extent they seek declaratory relief without a money-mandating basis.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction is **GRANTED**.

The Clerk is directed to **DISMISS** plaintiffs' complaint for lack of subject matter jurisdiction and to enter judgment in favor of the defendant.

No costs.

It is so **ORDERED**.

                                                           s/ Charles F. Lettow
                                                           Charles F. Lettow
                                                           Senior Judge